Scott Brutocao (Cal. SBN 174418)
sbrutocao@cornellsmith.com
Desiree Brutocao (Cal. SBN 181175)
dbrutocao@cornellsmith.com
**CORNELL SMITH MIERL BRUTOCAO BURTON LLP**
1607 West Avenue
Austin, TX  78701
Telephone:    (512) 328-1540
Facsimile:    (512) 328-1541


Attorneys for Defendant TANKNOLOGY INC.


UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


| | |
|---|---|
| ELIZABETH SANTACRUZ,<br><br>             Plaintiff,<br><br>      v.<br><br>TANKNOLOGY, INC.; and DOES 1 through 50, inclusive,<br><br>             Defendants. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>[Complaint filed May 1, 2018 and removed from the Superior Court of California, County of San Joaquin, Case No. STK-CV-UWT-2018-5075] |

**TO:    THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT**

**COURT FOR THE EASTERN DISTRICT OF CALIFORNIA**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Tanknology Inc. ("Defendant")

removes this action to this Court from the Superior Court of the State of California, County of San

Joaquin.  In support of this Notice of Removal, Tanknology respectfully states:

**STATE COURT ACTION**

1.     Plaintiff Elizabeth Santacruz ("Plaintiff") commenced a civil action (the "State

Court Action") on or about May 1, 2018, in the Superior Court of the State of California, County

of San Joaquin, by filing a Summons and Verified Complaint, entitled *Elizabeth Santacruz v.*

*Tanknology, Inc.*, Case No. STK-CV-UWT-2018-5075.   Plaintiff served the Summons and Complaint on Tanknology on May 3, 2018.  No further proceedings in this matter have been held in Superior Court.  In compliance with 28 U.S.C. §1446(a), the attached Exhibit A contains all service of process on Defendant Tanknology, all documents and pleadings filed in the state court litigation and all orders issued by the state court at the time of this removal.

2.     Plaintiff's Complaint alleges pregnancy and disability discrimination in violation of the Fair Employment and Housing Act ("FEHA"), failure to provide reasonable accommodation in violation of FEHA, retaliation, failure to prevent harassment, discrimination and/or retaliation in violation of FEHA and wrongful termination in violation of public policy.  [Ex. A, Plaintiff's Complaint at ¶¶ 36-41, 48-52, 57-61, 69-73, 77-80 and Prayer for Relief].  Plaintiff seeks back pay, reimbursement of out-of-pocket expenses, emotional distress damages, general damages, punitive damages, interest, and attorney's fees.

### GROUNDS FOR REMOVAL:  DIVERSITY OF CITIZENSHIP

3.     This action is removable under 28 U.S.C. § 1441(a) and (b) because the Court has original jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction.  This Notice of Removal is filed within 30 days of the receipt of Plaintiff's Verified Complaint for Damages and is timely filed under 28 U.S.C. §1446(b)(1).

**Complete Diversity of Citizenship**

4.     This Court has original jurisdiction based on diversity of citizenship because Defendant is now and was at the time the action commenced diverse in citizenship from Plaintiff.  28 U.S.C. §1332(a)(1).  Defendant is not now and was not at the time the state court litigation was commenced a citizen of the State of California.  Defendant is a corporation that is incorporated in Delaware.  Defendant's headquarters are based in Austin, Texas, which is Tanknology's "nerve center" – i.e., center of direction, control and coordination.   Therefore, Tanknology is a citizen of Delaware and Texas.  28 U.S.C. §1332(c)(1).

5.     The alleged citizenship of the Defendants DOES 1 through 50 shall be disregarded in determining whether a civil action is removable under 28 U.S.C. § 1332(a).  28 U.S.C. §1141(b)(2).

6.      Plaintiff Santacruz alleges that at all times relevant to this lawsuit she resided in the State of California.  Upon information and belief, Plaintiff remains a citizen of California. [Ex. A, Plaintiff's Complaint at ¶ 1].

7.      Because the parties are citizens of different states, complete diversity of citizenship exists between the parties for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

**Amount in Controversy**

8.      When a defendant removes to Federal Court on the basis of diversity jurisdiction, the defendant need only plausibly allege that the amount in controversy exceeds $75,000.  Plaintiff in her Verified Complaint for Damages does not allege an amount of damages, however, Plaintiff seeks affirmative relief including, among other things, back pay.  Based upon Plaintiff's claim for back pay alone, Plaintiff's claim exceeds $75,000 based upon her rate of pay at the time her employment ended and the amount of time that has elapsed between that date and the present.  However, Plaintiff also requests relief in the form of benefits, "out-of-pocket expenses," compensation for physical injury, compensation for mental distress, punitive damages, and attorneys' fees, all of which are potentially recoverable under California state law.  Therefore, the amount in controversy in this action well exceeds, exclusive of interests and costs, $75,000.  Because the amount in controversy in this action exceeds, exclusive of interest and costs, $75,000, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and this removal is proper.

**NOTICE TO STATE COURT AND ADVERSE PARTIES**

9.      Pursuant to 28 U.S.C. § 1446(d), Defendant hereby certifies that it is simultaneously filing with the State Court a Notice of Filing of Notice of Removal to Federal Court, and attaching such document to this Notice of Removal as Exhibit B.

10.     Pursuant to these statutes and in conformance with the requirements of 28 U.S.C. §1446, Defendant removes this action from Superior Court of California, County of San Joaquin on this 30th day of May 2018.

3      DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

WHEREFORE, Defendant respectfully requests that this action be removed to this Court, that this Court accept jurisdiction over this action, and that this action be entered on the docket of this Court for further proceedings as though this action had originally been instituted in this Court.

DATED: May 30, 2018

CORNELL   SMITH   MIERL   BRUTOCAO
BURTON LLP

By:     /s/ Scott Brutocao
         Scott Brutocao, Bar No. 174418
         sbrutocao@cornellsmith.com
         Desiree Brutocao, Bar No. 181175
         dbrutocao@cornellsmith.com

Attorneys for Defendant
Tanknology Inc.

4     DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via the Court's ECF system as well as via email to the following attorneys of record on May 30, 2018:

Lawrance Bohm (LBohm@bohmlaw.com)

Victoria L. Gutierrez (Victoria@bohmlaw.com)

/s/ *Desiree Brutocao*

Desiree Brutocao

# EXHIBIT A

FILED
SUPERIOR COUR **SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TANKNOLOGY, INC.; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ELIZABETH SANTACRUZ

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

2018 MAY -1 PM 12: 35

ROSA JUNQUEIRO, CLERK **Angela Constantino**

BY

DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* SAN JOAQUIN COUNTY SUPERIOR

180 E. WEBER AVENUE
STOCKTON, CALIFORNIA 95202

STK-CV-UWT-2018-5075

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Lawrance A. Bohm: 4600 Northgate Boulevard, Suite 210, Sacramento, CA 95834; 916.927.5574

| DATE: **MAY 0 1 2018** | ROSA JUNQUEIRO | Clerk, by | **Angela Constantino** | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Tanknology Inc.

under: ☒ CCP 416.10 (corporation)
☐ CCP 416.20 (defunct corporation)
☐ CCP 416.40 (association or partnership)
☐ CCP 416.60 (minor)
☐ CCP 416.70 (conservatee)
☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 5 3 18

Page 1 of 1

BY FAX

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov



# Superior Court of California, County of San Joaquin
# Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:
>
>     \*Indicating your preference on Case Management Statement form CM-110;
>
>     \*Filing the Stipulation and Order to Participate in Alternative Dispute Resolution (ADR) *local court form Sup Crt 441*; or
>
>     \*Agree to ADR at your initial Case Management Conference.
>
>         **Questions?** Call (209) 992-5693 and ask for the ADR Clerk,
> email at adr@sjcourts.org or visit the court website at www.sjcourts.org

## What is Alternative Dispute Resolution?

**Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Trained impartial persons, called 'neutrals', resolve disputes or help parties resolve disputes without having to go to court. The most common forms of ADR are mediation and arbitration. There are several other types of ADR such as case evaluation, conciliations, settlement conferences, fact finding, mini-trials and summary jury trials. It is important to find the type or types of ADR that are most likely to resolve your dispute.**

## What are the Advantages of using ADR?

- *Faster* – Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorney's fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

## What is the Disadvantage of using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.
- *Cost* – The neutral may charge a fee for their services.
- *Timelines* – Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in and ADR process.

## What ADR options are available?

- **Mediation** – The Civil Mediation Program is a voluntary court-connected program designed to deliver high-quality affordable mediation services to attorneys and litigants in all general civil cases. Mediation gives litigants a voice in settlement decisions and thereby allows them to play a more direct role in managing the outcome of their own case. The Superior Court of California, County of San Joaquin, is pleased to offer this important and valuable option for resolution of litigation.
  - ➢ Mediation is an informal, confidential, flexible and non-binding process which a neutral person (mediator) helps the parties to understand the interest of everyone involved, and their practical and legal choices. The mediator does not decide the dispute, but helps the parties communicate so they can try to settle the dispute themselves. **Mediation leaves control of the outcome with the parties.**
  - ➢ Mediators are experienced attorneys who have completed a Court-approved formal mediation training program. A copy of the Civil Mediation Program Panelist is available on the court website at www.sjcourts.org
    See Local Rule 3-123 for additional Civil Mediation Program information.

- **Arbitration** – A neutral person (arbitrator) hears arguments and evidence from each side and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit.
  - ➢ *Judicial Arbitration Program* (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award *and proceed to trial.* See Local Rule 3-122 for additional Judicial Arbitration information.
  - ➢ *Private Arbitration* (binding and non-binding): Occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

- **Additional Information** regarding San Joaquin County Superior Court's ADR programs is available on the Court's website at www.sjcourts.org

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:      FAX NO. *(Optional):* <br> E-MAIL ADDRESS *(Optional):* <br> ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

  STREET ADDRESS:

  MAILING ADDRESS:

CITY AND ZIP CODE:

  BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ **UNLIMITED CASE** ☐ **LIMITED CASE** <br> (Amount demanded    (Amount demanded is $25,000 <br> exceeds $25,000)    or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:      Time:      Dept.:      Div.:      Room:

Address of court *(if different from the address above):*

☐ **Notice of Intent to Appear by Telephone, by** *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action):*

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court, <br> rules 3.720–3.730 <br> www.courts.ca.gov |
|---|---|---|

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request ☐ a jury trial ☐ a nonjury trial.    *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
    a.  ☐ The trial has been set for *(date):*
    b.  ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

    c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
    The party or parties estimate that the trial will take *(check one):*
    a.  ☐ days *(specify number):*
    b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
    The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
    a.  Attorney:
    b.  Firm:
    c.  Address:
    d.  Telephone number:                                        f.  Fax number:
    e.  E-mail address:                                          g.  Party represented:
    ☐  Additional representation is described in Attachment 8.

9.  **Preference**
    ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

    a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

       (1)  For parties represented by counsel: Counsel ☐ has ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

       (2)  For self-represented parties: Party ☐ has ☐ has not  reviewed the ADR information package identified in rule 3.221.

    b.  **Referral to judicial arbitration or civil action mediation** (if available).

       (1) ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

       (2) ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

       (3) ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled <br> ☐ Mediation session scheduled for *(date)*: <br> ☐ Agreed to complete mediation by *(date)*: <br> ☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled <br> ☐ Settlement conference scheduled for *(date)*: <br> ☐ Agreed to complete settlement conference by *(date)*: <br> ☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled <br> ☐ Neutral evaluation scheduled for *(date)*: <br> ☐ Agreed to complete neutral evaluation by *(date)*: <br> ☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled <br> ☐ Judicial arbitration scheduled for *(date)*: <br> ☐ Agreed to complete judicial arbitration by *(date)*; <br> ☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled <br> ☐ Private arbitration scheduled for *(date)*: <br> ☐ Agreed to complete private arbitration by *(date)*: <br> ☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled <br> ☐ ADR session scheduled for *(date)*: <br> ☐ Agreed to complete ADR session by *(date)*: <br> ☐ ADR completed on *(date)*: |

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify)*:

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. July 1, 2011]          **CASE MANAGEMENT STATEMENT**          Page 5 of 5

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                     FAX NO.:<br>EMAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN**

| ☐LODI Branch | ☐ MANTECA Branch | ☐ TRACY Branch | ☐STOCKTON Branch |
|---|---|---|---|
| 315 W. Elm St. | 315 E. Center St. | 475 E. 10th St. | 222 E. Weber Ave. |
| Lodi, CA 95240 | Manteca, CA 95336 | Tracy, CA 95376 | Stockton, CA 95202 |

Plaintiff(s)/Petitioner(s):

| Defendant(s)/Respondent(s): | CASE NUMBER: |
|---|---|

## STIPULATION AND ORDER TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)

**Pursuant to California Rules of Court §3.726 the parties stipulate that all claims pursuant in this action shall be submitted to (select one):**

☐Voluntary Mediation                          ☐Other (specify):

☐Non-Binding Judicial Arbitration CCP 1141.12      _____

☐Binding Arbitration (private)                  _____

**Case Type:** _____

**Is the Neutral you selected listed on the Court's Panel of Mediators?** ☐ Yes      ☐ No

**Neutral's name and telephone number:** _____/(_____)_____

**Date/Time of ADR Session:** _____/_____a.m./p.m.  **Location of ADR Session:**_____

**Identify by name ALL individuals (litigants and attorneys) who will attend the ADR session:**

_____

_____

**Attorneys signing on behalf of their client(s) have been given the authority to stipulate to ADR.  Original signatures required.**

| Type or print name of ☐Party without attorney ☐Attorney for<br>☐Plaintiff/Petitioner ☐Defendant/Respondent | (Signature)<br>Attorney or Party without attorney |
|---|---|
| Type or print name of ☐Party without attorney ☐Attorney for<br>☐Plaintiff/Petitioner ☐Defendant/Respondent | (Signature)<br>Attorney or Party without attorney |
| Type or print name of ☐Party without attorney ☐Attorney for<br>☐Plaintiff/Petitioner ☐Defendant/Respondent | (Signature)<br>Attorney or Party without attorney |
| Type or print name of ☐Party without attorney ☐Attorney for<br>☐Plaintiff/Petitioner ☐Defendant/Respondent | (Signature)<br>Attorney or Party without attorney |

**IT IS SO ORDERED:** Dated:_____    _____

Judge of the Superior Court

**An ADR Review Hearing is scheduled for** _____ **at** _____ **a.m/p.m. in Dept. No.** _____.

**In the event that the case is resolved and a dismissal-entire action, a notice of settlement or judgment is on file 5 days before the hearing, the ADR Hearing will be dropped and all appearances will be excused.**

STIPULATION AND ORDER TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)

Sup Crt 441 (6/09)

# SUPERIOR COURT OF CALIFORNIA

**County of San Joaquin**
**180 E Weber Avenue**
**Stockton, CA 95202**

### NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

Case Number: **STK-CV-UWT-2018-0005075**

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date: 10/29/2018 | Time: 8:45 AM | |
|---|---|---|---|
| **JUDGE** | **COURT LOCATION** | **DEPARTMENT** | **PHONE Numbers:** |
| Carter Holly | Stockton | 10B | Stockton: 209-992-5693<br>Lodi:      209-992-5522 |

[ x ]  ADR & Scheduling Information is available on court website @ sjcourts.org/self-help

1.  You must:

    a. **Serve** all named defendant's and file proofs of service on those defendants with the court Within 60 days of the filing of the complaint. (CRC 3.110)

    b. **File and serve** a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.

    c. **Meet and Confer,** in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. (CRC 3.724)

    d. **Collection cases** are managed pursuant to CRC 3.740.

2.  You may appear in person or by telephone at the Case Management Conference. To make arrangements for telephonic appearance you must call Court Call, at (310) 572-4670 or (888) 882-6878 at least five (5) court days prior to the hearing.


Visit our website @ www.sjcourts.org for more information regarding civil cases, local rules and forms.


Date: 05/01/2018                                                    _____Angela Constantino_____,Deputy Clerk


### NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

FILED
SUPERIOR COURT

2018 MAY -1 PM 12:38

ROSA JUNQUEIRO, CLERK

BY
Angela Constantino

Lawrance A. Bohm (SBN: 208716)
Victoria L. Gutierrez (SBN: 282715)
**BOHM LAW GROUP, INC.**
4600 Northgate Boulevard, Suite 210
Sacramento, California 95834
Telephone:  916.927.5574
Facsimile:  916.927.2046

Attorneys for Plaintiff,
ELIZABETH SANTACRUZ

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN JOAQUIN

| | |
|---|---|
| ELIZABETH SANTACRUZ,<br><br>Plaintiff,<br><br>v.<br><br>TANKNOLOGY, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No:<br>STK-CV-UWT-2018-5075<br><br>**PLAINTIFF'S VERIFIED COMPLAINT FOR DAMAGES:**<br><br>1. **Pregnancy Discrimination:** Gov. Code § 12940, subd. (a);<br>2. **Retaliation:** Gov. Code § 12940, subd. (h);<br>3. **Failure to Accommodate:** Gov. Code § 12940, subd. (m);<br>4. **Failure to Prevent Harassment, Discrimination, and/or Retaliation:** Gov. Code § 12940, subd. (k); and<br>5. **Wrongful Termination in Violation of Public Policy**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ELIZABETH SANTACRUZ respectfully submits this Verified Complaint for Damages and Demand for Jury Trial and alleges as follows:

### OVERVIEW OF THE CASE

The saying goes: "Giving birth should be your greatest achievement, not your greatest fear." Tanknology, Inc., through its harassing conduct, made one employee's child birth experience a living nightmare. After Plaintiff took extended maternity leave to accommodate complications from childbirth, Tanknology began its campaign of discrimination and retaliation

1

BOHM LAW GROUP, INC.
4600 NORTHGATE BOULEVARD, SUITE 210
SACRAMENTO, CALIFORNIA 95834

BY FAX

THIS CASE HAS BEEN ASSIGNED TO JUDGE CARTER P. HOLLY IN DEPARTMENT 10B FOR ALL PURPOSES, INCLUDING TRIAL

to punish Plaintiff for taking leave. While on protected maternity leave, Tanknology emailed Plaintiff constantly, demanding unnecessary paperwork and going so far as to inform Plaintiff that her position would not be available when she returned. Shortly after returning to work, Tanknology conveniently terminated Plaintiff's position under the false guise of budget cuts.

## PARTIES AND JURISDICTION

1. At all times relevant to this action, Plaintiff Elizabeth Santacruz ("Santacruz" or "Plaintiff") was an employee of Defendant Tanknology, Inc., ("Tanknology" or "Defendant"). At all times relevant to this action and during the entirety of her employment, Plaintiff resided in San Joaquin County, California.

2. Defendant Tanknology operates in California at, inter alia, the offices where Plaintiff worked: 11000 N MoPac Expressway, Suite 500, Austin, Texas 78759. Tanknology was a California employer and was, at all relevant times, an "employer" as defined by Government Code section 12926 subdivision (d).

3. Venue and jurisdiction are proper because the majority of the events giving rise to this action took place in San Joaquin County; because Defendant conduced business in Monterey County; because Plaintiff's employment was entered into in San Joaquin County; because Plaintiff worked for Defendant in San Joaquin County; because the damages sought exceed the jurisdictional minimum of this Court; and because the majority of witnesses and events occurred in San Joaquin County.

4. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 50. Defendants DOES 1 through 50 are sued herein under fictitious names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes, and on that basis alleges, that each Defendant sued under such fictitious names are in some manner responsible for the wrongs and damages as alleged herein. Plaintiff does not at this time know the true names or capacities of said Defendants, but prays that the same may be inserted herein when ascertained.

///

///

2

Plaintiff's Verified Complaint for Damages
and Demand for Jury Trial
*Santacruz v. Tanknology, Inc.*

Lawrance A. Bohm, Esq.
Victoria L. Gutierrez, Esq.

5.     At all times relevant, each and every Defendant was an agent or employee of each and every other Defendant. In doing the things alleged in the causes of action stated herein, each and every Defendant was acting within the course and scope of this agency or employment, and was acting with the consent, permission, and authorization of each remaining Defendant. All actions of each Defendant as alleged herein were ratified and approved by every other Defendant or their officers or managing agents.

## STATEMENT OF FACTS

6.     On or about July 9, 2007, Santacruz was hired by Tanknology. Santacruz was initially hired as an office assistant before eventually being promoted to an Operations Assistant.

7.     Tanknology is a provider of underground storage tank compliance solutions. Tanknology's crews provide testing and related services for underground storage tanks. In total, Tanknology provides testing and compliance related services to more than 50,000 sites each year.

8.     Santacruz's job duties included, but were not limited to, scheduling work orders, reviewing and filing reports, answering phones, interpreting data base information, responding to customer requests, answering technician questions, and preparing notifications to Government Agencies.

9.     Throughout Santacruz's employment with Tanknology, Santacruz was a valued member of the Tanknology staff. Santacruz was constantly praised for her work ethic and positive attitude.

10.     On or about April 27, 2015, Tanknology granted Santacruz maternity leave. Santacruz applied for maternity leave via email to Human Resources Manager, Patty Lawson ("Lawson"). Santacruz was expected to have a natural childbirth, so Tanknology placed her on leave for six (6) weeks from April 27, 2015 to July 6, 2017. Santacruz's expected return to work date was July 7, 2015.

11.     On or about May 24, 2015, Santacruz had a cesarean birth.

///

///

///

3

Plaintiff's Verified Complaint for Damages
and Demand for Jury Trial
*Santacruz v. Tanknology, Inc.*

Lawrance A. Bohm, Esq.
Victoria L. Gutierrez, Esq.

BOHM LAW GROUP, INC.
4600 NORTHGATE BOULEVARD, SUITE 210
SACRAMENTO, CALIFORNIA 95834

12. On or about June 12, 2015, Santacruz's doctor adjusted her medical leave to eight (8) weeks to account for her cesarean birth. Consequently, Santacruz's leave was extended by thirteen (13) days to July 19, 2015. Santacruz's expected return to work date was now July 20, 2015.

13. On or about June 15, 2015, Lawson emailed Santacruz demanding more information to determine if Santacruz's request to extend her maternity leave would be approved. Lawson sent Santacruz forms requesting documentation as to the medical need and duration of Santacruz's extension.

14. On or about June 24, 2015, Lawson emailed Santacruz informing her that Tanknology would approve her extended maternity leave.

15. On or about July 8, 2015, Santacruz's doctor extended her maternity leave to August 7, 2015. The primary reason for Santacruz's extended leave was one of Santacruz's incisions from her pregnancy opened up, causing her extreme discomfort in her pelvis. In addition, Santacruz had been experiencing severe back pain as a result of a fall. As a result, Santacruz's expected return to work date was extended by an additional twenty-one (21) days to August 10, 2015, by her doctor.

16. On or about July 10, 2015, Lawson called Santacruz demanding to know why Santacruz received multiple extensions of her maternity leave. Santacruz explained that the first change to her medical leave was a correction to account for her cesarean birth. Santacruz then explained that her actual only extension was due to her back pain and complications from her pregnancy. Lawson told Santacruz that they were going to have to talk about Santacruz's "situation."

17. On or about July 17, 2015, Lawson emailed Santacruz demanding Santacruz sign or acknowledge documents Lawson claimed applied to Santacruz's sick pay. Santacruz refused to sign or acknowledge the documents because she believed that the documents did not apply to her. Upon information and belief, Santacruz felt like she was being treated differently because of her protected status and protected leave.

///

BOHM LAW GROUP, INC.
4600 NORTHGATE BOULEVARD, SUITE 210
SACRAMENTO, CALIFORNIA 95834

4

**Plaintiff's Verified Complaint for Damages
and Demand for Jury Trial**
*Santacruz v. Tanknology, Inc.*

Lawrance A. Bohm, Esq.
Victoria L. Gutierrez, Esq.

18.     On or about July 23, 2015, at or around 9:45 a.m., Lawson emailed Santacruz informing her that her position would not be available to her when she returned. Upon information and belief, Santacruz's position had already been offered to the employee that Santacruz trained before she left for maternity leave.  Upon information and belief, Santacruz felt like she was being retaliated against because of her protected status and protected leave.

19.     On or about July 23, 2015, at or around 11:27 p.m., Santacruz responded to Lawson's email. In her response, Santacruz expressed that she felt overwhelmed and stressed from Lawson's harassing phone calls and emails about possibly losing her employment while on maternity leave.

20.     On or about July 27, 2015, Lawson emailed Santacruz, "We have reviewed this situation and have decided that we will not be filling your position as stated in my previous letter. Instead we look forward to your return on August 10."

21.     On or about August 3, 2015, Santacruz was diagnosed with postpartum depression and general anxiety disorder. Santacruz's physician extended her maternity leave to August 23, 2015. Santacruz's new expected return to work date was now August 24, 2015.

22.     On or about August 24, 2015, Santacruz returned to work from maternity leave.

23.     Throughout the winter and spring of 2016, Santacruz took "bonding time" in order to be with her newborn. Santacruz took approximately one week off a month, in the months of January, February, March, and May.

24.     On or about June 1, 2016, Northwest Regional Vice President, Jerry Belloli ("Belloli"), along with another Regional Manager, named Ted ("Ted" last name unknown), called Santacruz into and office and told her that as of July 1, her position would no longer be available due to budget cuts. Belloli gave Santacruz three (3) choices: i) stay in her position until July 1st, ii) resign that day, or iii) work part time. Belloli told Santacruz that Santacruz had to train someone to take over her work duties. Upon information and belief, Santacruz felt like she was being treated differently because of her protected leave.

25.     On or about June 3, 2016, Santacruz was constructively terminated from her employment.

5

Plaintiff's Verified Complaint for Damages
and Demand for Jury Trial
*Santacruz v. Tanknology, Inc.*

Lawrance A. Bohm, Esq.
Victoria L. Gutierrez, Esq.

26. Upon information and belief, Santacruz believes that Defendant hired an employee to perform Santacruz's job functions a week after she was constructively terminated. Upon information and belief, this employee performed Santacruz's job functions for months.

27. Santacruz has fulfilled her administrative exhaustion requirements. On May 16, 2017, Santacruz filed a complaint with the Department of Fair Employment and Housing (hereinafter referred to as "DFEH"). That same day, the DFEH issued Santacruz her Right to Sue letter.

## FIRST CAUSE OF ACTION

### Pregnancy Discrimination: Gov. Code § 12940, subd. (a)

28. The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

29. This cause of action is asserted against Defendant Tanknology.

30. At all relevant times, Plaintiff was an employee of Defendant.

31. At all times relevant to this action, the California Fair Employment and Housing Act and California Government Code section 12940, et seq., was in full force and effect and binding on Defendant.

32. Defendant is an "employer[s]" as defined in Government Code section 12926, subdivision (d).

33. Plaintiff, as an employee of Defendant, was a covered employee under FEHA.

34. Defendant discharged Plaintiff.

35. Plaintiff's pregnancy was a substantial motivating reason for Defendant's decision to discharge Plaintiff. Plaintiff is a female. During her employment with Defendant, Plaintiff became pregnant. As such, pursuant to Government Code section 12926, subdivision (r), allegations in this complaint on the basis of "sex" refer to Plaintiff's gender, including but not limited to pregnancy, childbirth, or medical conditions related to pregnancy or childbirth. Plaintiff performed her job duties well. Plaintiff informed Defendant that she was pregnant. Defendant committed adverse actions against Plaintiff because Plaintiff was pregnant, was on protected baby bonding leave and thereby constructively terminated her.

6

Plaintiff's Verified Complaint for Damages
and Demand for Jury Trial
*Santacruz v. Tanknology, Inc.*

Lawrance A. Bohm, Esq.
Victoria L. Gutierrez, Esq.

BOHM LAW GROUP, INC.
4600 NORTHGATE BOULEVARD, SUITE 210
SACRAMENTO, CALIFORNIA 95834

36.    Defendant's discriminatory conduct was a substantial factor in causing Plaintiff to suffer general and special damages including economic damages and non-economic damages in excess of this court's jurisdiction according to proof at trial. Accordingly, Defendant's conduct violated Government Code section 12940, subdivision (a), and California Code of Regulations, title 2, section 11029.

37.    As an actual and proximate result of Defendant's willful and intentional discrimination, Plaintiff has lost wages, benefits, and other out-of-pocket expenses.

38.    As an actual and proximate result of Defendant's aforementioned violations, Plaintiff has been damaged in an amount according to proof, but in an amount in excess of the jurisdiction of this Court. Plaintiff also seeks "affirmative relief" or "prospective relief" as defined by Government Code section 12926, subdivision (a), including back pay, reimbursement of out-of-pocket expenses and any such other relief that this Court deems proper.

39.    As an actual and proximate result of Defendant's aforementioned acts, Plaintiff suffered physical injury. Plaintiff experienced hair loss, weight loss, poor appetite, nausea, depression, insomnia, early awakening, restless sleep, fatigue, anxiety, and loss of concentration. Plaintiff claims general damages for physical injury in an amount according to proof at time of trial.

40.    As an actual and proximate result of Defendant's aforementioned acts, Plaintiff also suffered mental upset and other emotional distress. Plaintiff claims general damages for mental distress in an amount according to proof at time of trial.

41.    The above-described actions were perpetrated and/or ratified by a managing agent or officer of Defendant. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and warrant the imposition of punitive damages in a sum sufficient to punish and deter Defendant's future conduct.

///

///

///

7

Plaintiff's Verified Complaint for Damages
and Demand for Jury Trial                                    Lawrance A. Bohm, Esq.
*Santacruz v. Tanknology, Inc.*                              Victoria L. Gutierrez, Esq.

BOHM LAW GROUP, INC.
4600 NORTHGATE BOULEVARD, SUITE 210
SACRAMENTO, CALIFORNIA 95834

BOHM LAW GROUP, INC.
4600 NORTHGATE BOULEVARD, SUITE 210
SACRAMENTO, CALIFORNIA 95834

## SECOND CAUSE OF ACTION

### Retaliation: Gov. Code § 12940, subd. (h)

42. The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

43. This cause of action is asserted against Defendant Tanknology.

44. At all relevant times, Plaintiff was an employee of Defendant.

45. At all times relevant to this action, it was/were unlawful under Government Code section 12940, subdivision (h), and California Code of Regulations, title 2, section 11021 for Defendant to retaliate against Plaintiff for complaining about illegal practices. Defendant violated Government Code section 12940, subdivision (h), and California Code of Regulations, title 2, section 11021 by retaliating against Plaintiff for her complaints of sex/gender-based harassment discrimination and retaliation by, among other things, treating Plaintiff differently, and constructively terminating her employment.

46. Plaintiff's complaints regarding harassment, discrimination, and retaliation was/were substantial motivating reasons for Plaintiff's differential treatment, constructive termination, and the creation of the overall hostile to most conditions of employment.

47. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

48. As an actual and proximate result of Defendant's willful and intentional retaliation, Plaintiff has lost wages, benefits, and other out-of-pocket expenses.

49. As an actual and proximate result of Defendant's aforementioned violations, Plaintiff has been damaged in an amount according to proof, but in an amount in excess of the jurisdiction of this Court. Plaintiff also seeks "affirmative relief" or "prospective relief" as defined by Government Code section 12926, subdivision (a), including back pay, reimbursement of out-of-pocket expenses and any such other relief that this Court deems proper.

50. As an actual and proximate result of Defendant's aforementioned acts, Plaintiff suffered physical injury. Plaintiff experienced hair loss, weight loss, poor appetite, nausea, depression, insomnia, early awakening, restless sleep, fatigue, anxiety, and loss of concentration. Plaintiff claims general damages for physical injury in an amount according to proof at time of

8

**Plaintiff's Verified Complaint for Damages
and Demand for Jury Trial**
*Santacruz v. Tanknology, Inc.*

Lawrance A. Bohm, Esq.
Victoria L. Gutierrez, Esq.

trial.

51.    As an actual and proximate result of Defendant's aforementioned acts, Plaintiff also suffered mental upset and other emotional distress. Plaintiff claims general damages for mental distress in an amount according to proof at time of trial.

52.    The above-described actions were perpetrated and/or ratified by a managing agent or officer of Defendant. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and warrant the imposition of punitive damages in a sum sufficient to punish and deter Defendant's future conduct.

## THIRD CAUSE OF ACTION

### Failure to Accommodate Disability: Gov. Code §, 12940 subd. (m)

53.    The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

54.    This cause of action is asserted against Defendant Tanknology.

55.    At all relevant times, Plaintiff was an employee of Defendant.

55.    At all times relevant to this matter, Plaintiff suffered from a "physical disability" as defined by Government Code section 12926, subdivision (k) et seq., and the California Code of Regulations, title 2, section 7293.6, subdivision (d). In spite of his disability, Plaintiff was able to perform the essential functions of his position as defined by Government Code section 12926, subdivision (f), and the California Code of Regulations, title 2, section 7293.6, subdivision (e), and was otherwise able to perform the essential job duties of his position, with reasonable accommodation as required by Government Code section 12926, subdivision (o), and the California Code of Regulations, title 2, section 7293.9.

56.    Although Plaintiff provided notice relating to his disability and requested potential accommodations, Defendant maliciously refused any accommodation by changing Plaintiff's employment status resulting in her termination. Despite Plaintiff's restrictions, she was able to perform the essential duties of her position. Defendant cannot establish that allowing Plaintiff's accommodation was an "undue hardship" as defined by Government Code section 12926,

9

Plaintiff's Verified Complaint for Damages
and Demand for Jury Trial
*Santacruz v. Tanknology, Inc.*

Lawrance A. Bohm, Esq.
Victoria L. Gutierrez, Esq.

BOHM LAW GROUP, INC.
4600 NORTHGATE BOULEVARD, SUITE 210
SACRAMENTO, CALIFORNIA 95834

subdivision (t), and the California Code of Regulations, title 2, section 7293.9.   Accordingly, Defendant's conduct violated Government Code section 12940, subdivision (m).

57.   As an actual and proximate result of Defendant's willful and intentional retaliation, Plaintiff has lost wages, benefits, and other out-of-pocket expenses.

58.   As an actual and proximate result of Defendant's aforementioned violations, Plaintiff has been damaged in an amount according to proof, but in an amount in excess of the jurisdiction of this Court. Plaintiff also seeks "affirmative relief" or "prospective relief" as defined by Government Code section 12926, subdivision (a), including back pay, reimbursement of out-of-pocket expenses and any such other relief that this Court deems proper.

59.   As an actual and proximate result of Defendant's aforementioned acts, Plaintiff suffered physical injury. Plaintiff experienced hair loss, weight loss, poor appetite, nausea, depression, insomnia, early awakening, restless sleep, fatigue, anxiety, and loss of concentration. Plaintiff claims general damages for physical injury in an amount according to proof at time of trial.

60.   As an actual and proximate result of Defendant's aforementioned acts, Plaintiff also suffered mental upset and other emotional distress. Plaintiff claims general damages for mental distress in an amount according to proof at time of trial.

61.   The above-described actions were perpetrated and/or ratified by a managing agent or officer of Defendant. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and warrant the imposition of punitive damages in a sum sufficient to punish and deter Defendant's future conduct.

## FOURTH CAUSE OF ACTION

### Failure to Prevent Harassment, Discrimination, and/or Retaliation:

### Gov. Code § 12940, subd. (k)

62.   The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

63.   This cause of action is asserted against Defendant Tanknology.

10

**Plaintiff's Verified Complaint for Damages
and Demand for Jury Trial**
*Santacruz v. Tanknology, Inc.*

Lawrance A. Bohm, Esq.
Victoria L. Gutierrez, Esq.

BOHM LAW GROUP, INC.
4600 NORTHGATE BOULEVARD, SUITE 210
SACRAMENTO, CALIFORNIA 95834

64.     At all relevant times, Plaintiff was an employee of Defendant.

65.     As an employer, pursuant to Government Code section 12926, subdivision (d), Defendant has a duty to prevent unlawful harassment and discrimination, including retaliation. Defendant knew or should have known about the harassment and discrimination based on sex and/or gender, age, and/or disability of Plaintiff as set forth above. Defendant failed to implement adequate training, policies, or instructions that would have prevented the aforementioned harassment, discrimination and retaliation of Plaintiff. Defendant breached its duty to prevent the harassment, discrimination and retaliation of Plaintiff. Accordingly, Defendant violated Government Code section 12940, subdivision (k), and The California Code of Regulations, title 2, section 11019, subdivision (b)(3).

66.     Plaintiff was subjected to harassment, discrimination, and/or retaliation in the course of her employment with Defendant as described above.

67.     Defendant failed to take all reasonable steps to prevent the harassment, discrimination, and/or retaliation.

68.     Defendant's conduct was/were a substantial factor in causing Plaintiff's harm.

69.     As an actual and proximate result of the aforementioned violations, Plaintiff has been harmed in an amount according to proof, but in an amount in excess of the jurisdiction of this Court. Plaintiff also seeks "affirmative relief" or "prospective relief" as defined by Government Code section 12926, subdivision (a), including back pay, reimbursement of out-of-pocket expenses and any such other relief that this Court deems proper.

70.     As an actual and proximate result of Defendant's willful and intentional failure to prevent discrimination and/or harassment and/or retaliation, Plaintiff has lost wages, benefits, and other out-of-pocket expenses.

71.     As an actual and proximate result of Defendant's aforementioned acts, Plaintiff suffered physical injury. Plaintiff experienced hair loss, weight loss, poor appetite, nausea, depression, insomnia, early awakening, restless sleep, fatigue, anxiety, and loss of concentration. Plaintiff claims general damages for physical injury in an amount according to proof at time of trial.

11

BOHM LAW GROUP, INC.
4600 NORTHGATE BOULEVARD, SUITE 210
SACRAMENTO, CALIFORNIA 95834

72.    As an actual and proximate result of Defendant's aforementioned acts, Plaintiff also suffered mental upset and other emotional distress. Plaintiff claims general damages for mental distress in an amount according to proof at time of trial.

73.    The above-described actions was/were perpetrated and/or ratified by a managing agent or officer of Defendant. These acts was/were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights. Further, said actions was/were despicable in character and warrant the imposition of punitive damages in a sum sufficient to punish and deter Defendant's future conduct.

## FIFTH CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

74.    The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

75.    Plaintiff was employed by Defendant and subsequently constructively discharged.

76.    Defendant's termination of Plaintiff was malicious, oppressive and fraudulent and based upon her disability, her requests for disability accommodation, and the retaliation she experienced by Defendant violated important public policy including, but not limited to, the laws codified in Government Code section 12940, subdivisions (a), (h), (m) and (k), the California Constitution and the United States Constitution.

77.    As an actual and proximate result of Defendant's willful and intentional failure to prevent discrimination and/or harassment and/or retaliation, Plaintiff has lost wages, benefits, and other out-of-pocket expenses.

78.    As an actual and proximate result of Defendant's aforementioned acts, Plaintiff suffered physical injury. Plaintiff experienced hair loss, weight loss, poor appetite, nausea, depression, insomnia, early awakening, restless sleep, fatigue, anxiety, and loss of concentration. Plaintiff claims general damages for physical injury in an amount according to proof at time of trial.

///

///

12

Plaintiff's Verified Complaint for Damages
and Demand for Jury Trial
*Santacruz v. Tanknology, Inc.*

Lawrance A. Bohm, Esq.
Victoria L. Gutierrez, Esq.

BOHM LAW GROUP, INC.
4600 NORTHGATE BOULEVARD, SUITE 210
SACRAMENTO, CALIFORNIA 95834

79.    As an actual and proximate result of Defendant's aforementioned acts, Plaintiff also suffered mental upset and other emotional distress. Plaintiff claims general damages for mental distress in an amount according to proof at time of trial.

80.    The above-described actions was/were perpetrated and/or ratified by a managing agent or officer of Defendant. These acts was/were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights. Further, said actions was/were despicable in character and warrant the imposition of punitive damages in a sum sufficient to punish and deter Defendant's future conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendant, and each of them, as follows:

1.    For compensatory damages, including, but not limited to lost wages and non-economic damages in an amount according to proof;

2.    For attorneys' fees and costs pursuant to all applicable statutes or legal principles;

3.    For cost of suit incurred;

4.    For punitive damages or other penalties recoverable by law;

5.    For prejudgment interest on all amounts claimed pursuant to Civil Code section 3287 and/or 3288; and

6    For such other and further relief as the court may deem proper.

Date: May 1, 2018                                      By: _____

LAWRANCE A. BOHM, ESQ.
VICTORIA L. GUTIERREZ, ESQ.

Attorneys for Plaintiff,
ELIZABETH SANTACRUZ

///

///

13

Plaintiff's Verified Complaint for Damages
and Demand for Jury Trial                                      Lawrance A. Bohm, Esq.
*Santacruz v. Tanknology, Inc.*                                      Victoria L. Gutierrez, Esq.

BOHM LAW GROUP, INC.
4600 NORTHGATE BOULEVARD, SUITE 210
SACRAMENTO, CALIFORNIA 95834

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury for this matter.

Date: May 1, 2018

By: _____

LAWRANCE A. BOHM, ESQ.
VICTORIA L. GUTIERREZ, ESQ.

Attorneys for Plaintiff,
ELIZABETH SANTACRUZ

BOHM LAW GROUP, INC.
4600 NORTHGATE BOULEVARD, SUITE 210
SACRAMENTO, CALIFORNIA 95834

14

**Plaintiff's Verified Complaint for Damages
and Demand for Jury Trial**
*Santacruz v. Tanknology, Inc.*

Lawrance A. Bohm, Esq.
Victoria L. Gutierrez, Esq.

## VERIFICATION OF COMPLAINT FOR DAMAGES

I, ELIZABETH SANTACRUZ, have read the attached Complaint for Damages and hereby attest that the same is true of my own knowledge, except as to those matters, which are therein stated on my information or belief, and as to those matter that I believe it to be true.

I declare under penalty of perjury under to the laws of the State of California that the foregoing is true and correct.

This Verification was executed on May 1, 2018 in Stockton, CA 95203.

_____
ELIZABETH SANTACRUZ

VERIFICATION OF COMPLAINT FOR DAMAGES

# EXHIBIT B

Scott Brutocao (Cal. SBN 174418)
sbrutocao@cornellsmith.com
Desiree Brutocao (Cal. SBN 181175)
dbrutocao@cornellsmith.com
**CORNELL SMITH MIERL BRUTOCAO BURTON LLP**
1607 West Avenue
Austin, TX  78701
Telephone:      (512) 328-1540
Facsimile:       (512) 328-1541

Attorneys for Defendant TANKNOLOGY INC.

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN JOAQUIN

| | |
|---|---|
| ELIZABETH SANTACRUZ,<br><br>                    Plaintiff,<br><br>         v.<br><br>TANKNOLOGY, INC.; and DOES 1<br>through 50, inclusive,<br><br>                    Defendants. | No.  STK-CV-UWT-2018-5075<br><br>**DEFENDANT'S NOTICE OF FILING OF NOTICE OF REMOVAL TO FEDERAL COURT** |

Please take notice that on the 30th day of May 2018, Defendant Tanknology Inc. ("Defendant") filed with the United States District Court for the Eastern District of California, Defendant's Notice of Removal removing this case from the Superior Court of California, County of San Joaquin.  A true and correct copy of Defendant's Notice of Removal is attached hereto as Exhibit A and incorporated herein by reference for all purposes.  This court is respectfully requested to proceed no further in this action, unless and until such time as the action may be remanded by order of the United States District Court.

1

DATED:  May 30, 2018

**CORNELL   SMITH   MIERL   BRUTOCAO BURTON LLP**

By:    */s/ Scott Brutocao*
          Scott Brutocao, Bar No. 174418
          sbrutocao@cornellsmith.com
          Desiree Brutocao, Bar No. 181175
          dbrutocao@cornellsmith.com

Attorneys for Defendant
Tanknology Inc.

2

**POS-050/EFS-050**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:   STATE BAR NO: 174418<br>NAME: Scott Brutocao<br>FIRM NAME: Cornell Smith Mierl Brutocao Burton LLP<br>STREET ADDRESS: 1607 West Avenue<br>CITY: Austin          STATE: TX   ZIP CODE: 78701<br>TELEPHONE NO.: 512.328.1540   FAX NO.: 512.328.1541<br>E-MAIL ADDRESS: sbrutocao@cornellsmith.com<br>ATTORNEY FOR (name): Defendant Tanknology Inc. | FOR COURT USE ONLY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Joaquin<br>STREET ADDRESS: 180 E. Weber Avenue<br>MAILING ADDRESS: SAME<br>CITY AND ZIP CODE: Stockton, CA  95202<br>BRANCH NAME: Stockton Courthouse | |
| PLAINTIFF/PETITIONER: Elizabeth Santacruz | CASE NUMBER:<br>STK-CV-UWT-2018-5075 |
| DEFENDANT/RESPONDENT: Tanknology Inc. | JUDICIAL OFFICER:<br>Judge Carter P. Holly |
| **PROOF OF ELECTRONIC SERVICE** | DEPARTMENT:<br>10B |

1. I am at least 18 years old.

    a. My residence or business address is *(specify)*:
       1607 West Avenue
       Austin, TX  78701

    b. My electronic service address is *(specify)*:
       dbrutocao@cornellsmith.com

2. I electronically served the following documents *(exact titles):*
   Defendant's Notice of Filing of Notice of Removal to Federal Court

   ☐ The documents served are listed in an attachment. *(Form POS-050(D)/EFS-050(D) may be used for this purpose.)*

3. I electronically served the documents listed in 2 as follows:

    a. Name of person served:

       On behalf of *(name or names of parties represented, if person served is an attorney):*
       Lawrance Bohm and Victoria Gutierrez, Attorneys for Plaintiff

    b. Electronic service address of person served :
       LBohm@bohmlaw.com; Victoria@bohmlaw.com

    c. On *(date):* May 30, 2018

       ☐ The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment. *(Form POS-050(P)/EFS-050(P) may be used for this purpose.)*

Date: May 30, 2018

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Desiree Brutocao
(TYPE OR PRINT NAME OF DECLARANT)

▶ *Desiree Brutocao*
(SIGNATURE OF DECLARANT)

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
POS-050/EFS-050 [Rev. February 1, 2017]

**PROOF OF ELECTRONIC SERVICE**
**(Proof of Service/Electronic Filing and Service)**

Cal. Rules of Court, rule 2.251
www.courts.ca.gov

For your protection and privacy, please press the Clear
This Form button after you have printed the form.   | Print this form | | Save this form | | Clear this form |